

RECEIVED
AUG 2 1 2008
Aug 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Barnita P. Vann,<br>Plaintiff | )<br>)<br>)<br>) | Case No.<br><br>**08CV4771** |
| Young Men's Christian Association<br>Of Chicago<br>Defendant | )<br>)<br>)<br>)<br>) | **JUDGE ANDERSEN**<br>**MAG. JUDGE MASON** |

## PRELIMINARY INJUNCTION
## TO ENJOIN STATE COURT PROCEEDINGS

Now Comes Barnita P. Vann, pro se and complains of the Young Men's Christian Association of Chicago. Plaintiff seeks to ENJOIN the Young Men's Christian Association of Chicago from maintaining an action to evict the plaintiff. Plaintiff seeks to ENJOIN the proceedings from enforcing the Order For Possession against the plaintiff. Plaintiff seeks to enjoin the Cook County Sheriff from enforcing the Order For Possession.

This court has jurisdiction under the following statutes, acts, case law and other applicable laws. 28 USC § 2283, 26 USC § 501(c) 3, 14th Amendment and National Affordable Housing Act.

**Facts**

1. The plaintiff has been a lawful tenant at 6300 W. Touhy, Niles, IL 60714 since July 2005. The plaintiff resides in a single room occupancy (SRO).
2. The plaintiff has paid over $14,000 to the defendant. The defendant has charged the defendant rent in the amounts of $625, 650 and 750 per month.

3. On or about December 14, 2007, the defendant initiated a Forcible Entry and Detainer Joint Action against the plaintiff. The defendant was seeking possession, rent and damages against the plaintiff. [State Court 07 M1 732182]
4. On or about May 28, 2008, the honorable Judge Joan Powell granted a partial summary judgment for possession against the plaintiff.
5. The enforcement of the Order For Possession was STAYED until July 22, 2008.
6. On or about August 1, 2008, the honorable Judge Sheldon Garber entered a money judgment in the amount of $ 9, 480.00 against the defendant.
7. The plaintiff has argued that the court lacks subject matter jurisdiction.
8. The plaintiff has argued that the Leaning Tower YMCA is not the landlord.
9. The purported Landlord's Five Day Notice states the Leaning Tower YMCA is the landlord. Exhibit A
10. The plaintiff has submitted substantial and credible evidence countering the purported Landlord's Five Day Notice. The plaintiff's states the Leaning Tower YMCA is not a separate legal entity. Exhibit B
11. The plaintiff filed several post judgment motions to overturn the judgments. All were denied.
12. On or about August 14, 2008, the court denied the plaintiff's motion to waive the appeal bond and motion to stay. An appeal bond was entered in the amount of $7,500.00.
13. The plaintiff is preparing to appeal of all adverse judgments.

The Defendant

The defendant, Young Men's Christian Association of Chicago is recognized as a tax exempt organization pursuant to 26 USC 501(c) 3, 35 ILCS 200/15-65 and other applicable statutes, case laws, ordinances and the like. The defendant receives the majority of its funding from government agencies and the public. The defendant owns several housing facilities including the plaintiff's residence. The defendant does not pay federal, state, or local, land, improvement or income taxes (including the plaintiff's residence). The defendant's Bylaws do not support its tax exemption.

Currently, the defendant charges from $615 up to $770 per month for rent for single room occupancy (SRO).

A Motion To Enjoin The State Court Proceedings is Appropriate in this matter.

Caulder v. Durham Housing Authority 433 F.2d 998 (C.A. 4th 1970).
Pg 1002 [2] We conclude, therefore, that the factual basis on which to invoke the prohibition of § 2283, is lacking and the case is one in which the state proceedings may be enjoined "in aid of * * * [the district court's] jurisdiction.

The defendant, Young Men's Christian Association of Chicago, is similar to the Durham Housing Authority:
1. It is tax exempt like public housing
2. It receives the majority of its funding from the public
3. It receives the majority of its funding from the government (acts like an agency of the government)
4. A federal tax exemption is similar to federal funding.
5. Its purpose is to relieve the burdens of the government.

The plaintiff is similar to Caulder:
1. She is being evicted through a state court proceeding.
2. The appeal bond is substantial
3. Her residence is tax exempt
4. She has raised a due process of law issue i.e the court lacks subject matter jurisdiction.

The Defendant is NOT in Compliance with its Tax Exemption

We hold that the plaintiff's property is not held exclusively for charitable purposes within the meaning of our constitution and is not entitled to exemption from tax.
Methodist Old Peoples Home v. Bernard J. Korzen 39 Ill.2d 149; 233 N.E.2d 537

A use is considered charitable for real estate tax exemption when: it is for benefit of an indefinite number of person, persuading them to an educational or religious conviction, for their general welfare or in some way reducing burdens on government; charitable institution has no capital stock or shareholders and earns no profit or dividends; institution derives its funds mainly from public and private charity and holds them in trust for objects and purposes expressed in its charter; charity is dispensed to all who need and apply for it and gain or profit is not provided in the private sense to any person connected with the institution; no obstacles are placed in the way of those who need and would avail themselves of charitable benefits dispensed; and primary purpose for which property used is charitable. Lutheran General Health Care System v. Department of Revenue 231 Ill.App.3d 652; 172 Ill.Dec. 544; 595 N.E. 2d 1214 (1st Dist. 1992).

Yale Club of Chicago v. Department of Revenue, 214 Ill.App. 3d 468, 158 Ill. Dec. 237, 574 N.E. 2d 31, 68 Ed. Law Rep. 458 (1st Dist. 1991)

Although corporation charter provided that upon possible dissolution any surplus would be donated to charitable, benevolent or educational organization, where corporation, with laudatory purpose of operating a voluntary health service plan, was for benefit of those members who made their payments and if they did not pay they would be dropped from rolls, and where no provision was found under plan whereby any charity was dispensed to those members who did not pay or to any destitute member of society in general, corporation would not be entitled to tax exemption as a corporation organized for charitable purposes. Illinois Hospital & Health Service, Inc. v. Aurand 58 Ill.app.3d 79, 15 Ill.Dec. 549, 373 N.E.2d 1021 (2nd dist. 1978).

A View To Profit

A Not-For-Profit corporation, in order to qualify its property for exemption from taxation as a charitable institution, had to prove that it was owned by charitable organization and that it was used exclusively for charitable purposes and not leased or otherwise used with

a view to profit. American College of Surgeons v. Korzen, 36 Ill.2d 340, 224 N.E.2d 7 (1967).

The State Court Lacks Subject Matter Jurisdiction

All Orders entered by the court, use and occupancy, partial summary judgment, summary judgment, money judgments and any other Orders are VOID. Pursuant to 735 ILCS 5/2-615, 735 ILCS 5/2-619 and 735 ILCS 5/2-1005 and 735 ILCS 5/2-1401 et seq.

5/2-619 Involuntary dismissal based upon certain defects or defenses.
  (1) That the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction.

A condition precedent to bringing a forcible and detainer action is a Landlord's Five Day Notice must be served. Advich v. Kleinert 370 N.E. 2d 504.

> Pg 354 [1-2]  Subject matter jurisdiction is the power of the court to hear and determine the matter presented to it. Where a court exceeds its jurisdiction, its order is void and may be attacked at any time. (citing In re Estate of Steinfield, 158 Ill.2d 1, 12, 196 Ill.Dec.; 636, 630 N.E.2d 801 (1994).
> Pg. [3] Because the Forcible Entry and Detainer Act is a statute that is in derogation of the common law, "the conditions and requirements that the statute prescribes in conferring jurisdiction must clearly exist and *** the mode of procedure provided by its must be strictly pursued. (citing Avdich v. Kleinert, 69 Ill.2d 1, 6 12 Ill.Dec. 700; 370 N.E.2d 504 (1977); Spiegel v. Hollywood Towers Condo. Assn 671 N.E.2d 350 (Ill.App. 1 Dist. 1996).
> Private Tele-Communications v. Illinois Bell Tel. Co., App. 1 Dist. 1975, 31 Ill. App.3d 887, 335 N.E. 2d 110.

Notice to Quit /Landlord's Five Day Notice

The question is whether the defendant understood what was being demanded of him and by whom. Nance v. Bell 568 N.E.2d 974 (Ill. App. 2 Dist. 1991).

Evidence of title may be admissible for the limited purpose of establishing or clarifying one's right to immediate possession. Heritage Pullman Bank v. American National Bank (518 N.E.2d 231 Ill.App. 1 Dist 1987)

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend, supplement, modify, correct and withdraw this complaint.

WHEREFORE the plaintiff requests this court GRANT this motion and any other relief that is equitable and just.

*[signature]*

Barnita P. Vann, Pro Se
P.O. Box 359
Chicago, IL 60690
773.250.7838

# FIVE DAY NOTICE

TO:   Barnita Vann   ROOM: 909
LEANING TOWER YMCA
6300 West Touhy Avenue
Niles, IL 60714

You are hereby notified that there is now due to the Leaning Tower YMCA, the sum of **$5,060.00 (five thousand sixty and 00 / 100)**, being the amount due for your SRO rent charges as of **November 30, 2007** for your use and occupancy of **Room 909** to the **LEANING TOWER YMCA**, together with all facilities used in conjunction with said room, all situated at **6300 W. Touhy Avenue** in the City of Niles, County of Cook, Illinois.

And you are further notified that payment of said sum so due has been and is hereby demanded of you, and that unless payment thereof is made on or before the expiration of five days after service of this notice, your use and occupancy of said premises will be terminated.

Only FULL PAYMENT of the charges demanded in this notice shall waive the Innkeeper's right to terminate your use and occupancy under this notice, unless the Innkeeper agrees in writing to continue it in exchange for receiving partial payment.

Dated: November 30, 2007                **LEANING TOWER YMCA**

State of Illinois               By: _J. Wooten_
County of Cook

## AFFIDAVIT OF SERVICE

_J. Wooten_, being duly sworn, on oath deposes and says that on the _30th_ day of _November_, _2007_ he served the within notice on the person names therein as follows:

(X) by delivering a copy thereof to the within named person

(2) by sending a copy thereof to said person by certified mail, with request for return of receipt for the addressee

(3) by posting a copy thereof on the door of the described premises

                        x _J. Wooten_

**SUBSCRIBED AND SWORN TO**

before me this _____ day of _____, _____

_____
Notary Public



# SIDLEY & AUSTIN
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

| | | |
|---|---|---|
| DALLAS | BANK ONE PLAZA | HONG KONG |
| LOS ANGELES | 10 S. DEARBORN STREET | LONDON |
| NEW YORK | CHICAGO, ILLINOIS 60603 | SHANGHAI |
| WASHINGTON, D.C. | TELEPHONE 312 853 7000 | SINGAPORE |
| | FACSIMILE 312 853 7036 | TOKYO |

FOUNDED 1866

WRITER'S DIRECT NUMBER
(312) 853-4106

WRITER'S E-MAIL ADDRESS
psvoboda@sidley.com

May 30, 2000

John M. Finnegan
Assistant Attorney General
Charitable Trusts and Solicitations Bureau
100 West Randolph Street, 3rd Fl.
Chicago, Illinois 60601

Re:   Leaning Tower YMCA

Dear Mr. Finnegan:

    We are attorneys for the YMCA of Metropolitan Chicago. We are writing in response to your letter dated May 16, 2000 to the Leaning Tower YMCA concerning its failure to register with your office under the Charitable Trust Act and the Solicitation for Charity Act. A copy of your letter is attached.

    Please be advised that the Leaning Tower YMCA is not a separately incorporated entity. Rather, Leaning Tower YMCA is a branch of the YMCA of Metropolitan Chicago. YMCA of Metropolitan Chicago is already registered with your office (Registration No. CO 01-003-646). Because Leaning Tower is a branch of the YMCA of Metropolitan Chicago, the YMCA of Metropolitan Chicago's registration applies to Leaning Tower. There is therefore no need for Leaning Tower to register with your office.

    Please telephone the undersigned if you have any questions regarding this matter.

Sincerely yours,

Paul A. Svoboda

PAS:gaf

cc:  Michael Guarino

CHICAGO4 1134899v1

ExB