# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4771 | **DATE** | November 8, 2011 |
| **CASE TITLE** | Vann vs. Young Men's Christian Association of Chicago et al | | |

**DOCKET ENTRY TEXT**

On October 24, 2011, Vann filed documents entitled "verified complaint" and "independent actions" (Doc [32]). Because the Court previously disposed of Vann's case, the Court views Vann's papers as a motion to reinstate the case pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"). Plaintiff's motion to reinstate is denied.

■[ For further details see text below.]  Docketing to mail notices.

# ORDER

This case comes before the Court on the motion of Plaintiff Barnita Vann ("Vann") to reinstate her case. For the reasons stated below, the motion is denied.

This case arises from an eviction action by Defendant Young Men's Christian Association of Chicago (the "YMCA") against Vann in Illinois state court. On August 21, 2008, Vann sought a preliminary injunction in the United States District Court for the Northern District of Illinois to enjoin the state court eviction proceedings. On October 2, 2008, Judge Anderson dismissed Vann's case, concluding that the rental dispute did not contain a federal cause of action and, therefore, that the federal court was without subject matter jurisdiction. Vann then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), arguing that her case contained a federal component because the state court facilitated her eviction and the court thereby deprived her of due process in violation of 42 U.S.C. § 1983.

Thereafter, the case was reassigned to this Court. On April 3, 2009, this Court held that it lacked subject matter jurisdiction pursuant to the Rooker-Feldman doctrine because Vann complained of an injury which resulted from the actions of the state courts and their judgments. On July 13, 2009, the United States Court of Appeals for the Seventh Circuit summarily affirmed this Court's judgment.

More than two years later, on October 24, 2011, Vann filed documents entitled "verified complaint" and "independent actions." Because the Court previously disposed of Vann's case, the Court views Vann's papers as a motion to reinstate the case pursuant to Federal Rule of Civil Procedure 60 ("Rule 60").

A plaintiff can move for relief from a final judgment under Rule 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

**ORDER**

discharged, or is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A plaintiff must file a Rule 60 motion within a reasonable time and, in the case of mistake, newly discovered evidence, or fraud, no more than one year after entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Vann's motion to reinstate fails for two reasons. First, Vann identifies no reason for her undue delay in filing the instant motion more than two years after this Court's decision. Thus, the Court concludes that Vann's motion is untimely. Second, Vann presents no reason justifying relief from this Court's judgment. The Court properly dismissed this case for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (explaining that a United States District Court has no authority to review final judgments of a state court); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Johnson v. Orr*, 551 F.3d 564 (7th Cir. 2008) ("If the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim."). Indeed, Vann's motion states that she "has pursued this matter through the Illinois Court System and the United States Supreme Court." Vann cannot revive this previously closed case, which this Court properly dismissed more than two years ago. Accordingly, Vann's motion is denied.

Date: November 8, 2011

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Judge**